UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRANS STATES HOLDINGS, INC., and
COMPASS AIRLINES, LLC,

    Plaintiffs,

v.

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL,
Serve:  535 Herndon Parkway
        Herndon, Virginia 22070

    Defendant.

Case No.: <u>10-2315</u>

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### Introduction

1. Trans States Holdings, Inc. (Holdings) and Compass Airlines, LLC ("Compass") bring this action against the Air Line Pilots Association, International ("ALPA"), the collective bargaining representative of Compass' flight deck crewmembers. Holdings and Compass seek to enjoin ALPA from attempting to arbitrate Grievance No. CPZ-10—10 (MEC) before the Compass System Board of Adjustment ("SBA") on grounds that: 1) the Grievance is not substantively arbitrable, and 2) the Grievance implicates a representation dispute. Under well-settled precedent from this and other Circuits, ALPA's prosecution of this Grievance should be enjoined on either or both of these grounds.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, specifically the Railway Labor Act ("RLA"), 45

U.S.C. §§ 151, *et seq*. Jurisdiction also is appropriate under 28 U.S.C. § 1337, as the RLA is a law regulating commerce. The declaratory relief sought herein is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b). Defendant ALPA resides in this district for purposes § 1391(b), because its duly authorized officers or agents are actively engaged in representing or acting for employee members within this district.

### Parties

4. Holdings, headquartered in Bridgeton, Missouri, is a privately-owned holding company which owns three certificated U.S. airlines: Compass, Trans States Airlines, LLC ("TSA") and GoJet Airlines, LLC ("GoJet"). Compass has its headquarters and principal place of business in Minneapolis, Minnesota. TSA and GoJet both have their headquarters in Bridgeton, Missouri near the Lambert-St Louis International Airport within this judicial district.

5. ALPA is an unincorporated labor organization with its headquarters in Herndon, Virginia. ALPA is the certified collective bargaining "representative" as that term is defined in the RLA of the flight deck crew members employed under the terms of separate collective bargaining agreements at TSA and Compass.

6. ALPA does not represent the flight deck crew members employed by GoJet. Instead, those individuals are represented by the International Brotherhood of Teamsters ("IBT") and work under a separate collective bargaining agreement negotiated between GoJet and IBT.

### Factual Background

7. Prior to July 2010 Compass was a wholly owned subsidiary of Delta Airlines, Inc. ("Delta"). Delta sold all of the outstanding stock in Compass to Holdings.

8. At, and at all times subsequent to, its acquisition of Compass, Holdings has made

clear that it intends to continue to operate Compass as it does its other subsidiary airlines completely separately.

9. ALPA's representation of the Compass pilots dates back to early 2007. The current ALPA/Compass CBA is dated July 26, 2007 and does not become amendable until April 1, 2013.

10. The Compass/ALPA CBA makes repeated reference to the "Company." While that term is not explicitly defined in the CBA, it is clear from its context and usage throughout the Agreement that "Company" refers to Compass. Indeed, the CBA's signature page shows that John Bendoraitis, President of Compass, signed the CBA on behalf "Compass Airlines, Inc."[1] Neither Delta (Compass' former parent) nor Holdings (Compass' current parent) has ever signed an agreement or otherwise indicated a willingness to be bound by the Compass/ALPA CBA.

### Grievance No. CPZ-10—10 (MEC)

11. Section 1 of the Compass/ALPA CBA contains language specifying, *inter alia*:

B. Scope

> 1. Except as otherwise provided in this Agreement, all present and future flying performed in or for the revenue service of the Company will be performed by the pilots on the Compass Airlines System Seniority List…***

D. Successorship

> 1. This Agreement shall be binding upon any successors, assigns, administrators and executors of the Company ("a Successor") unless and until change in accordance with the provisions of the Railway Labor Act, as amended. For purpose of this paragraph, a Successor shall be defined as an entity which acquires all or substantially all of the equity and/or assets of the Company (in a single or multi-step transaction within a rolling twelve (12) month period (a "Successorship Transaction").

---

[1] Compass Airlines Inc. was converted to Compass Airlines, LLC on October 1, 2010 as part of an internal reorganization. The differences between Compass Airlines Inc. and Compass Airlines LLC is completely irrelevant in the present matter.

2. Neither the Company nor its parent will conclude any agreement for a Successorship Transaction unless the Successor agrees in writing, as an irrevocable condition of the Successorship Transaction, to assume and be bound by the Agreement, to recognize the Association as the representative of the pilots, and to employ pilots on the Compass System Seniority List in accordance with the provisions of the Agreement. ***

G. Remedies

The Company agrees that any grievances filed by the Association alleging a violation of Section 1 of the Agreement shall bypass the initial steps of the grievance procedure and shall be submitted and heard on an expedited basis before the System Board of Adjustment sitting with a neutral arbitrator. The dispute shall be heard no later than thirty (30) days following the submission the System Board of Adjustment and decided no later than forty-five (45) days after submission, unless the parties agree otherwise in writing. ***

12. The stock purchase agreement by which Holdings acquired Compass in July 2010 did not include any language obligating Holdings "to assume and be bound by the Agreement, to recognize the Association as the representative of the pilots, and to employ pilots on the Compass System Seniority List in accordance with the provisions of the Agreement."

13. Commencing in approximately August, 2010 and continuing for several months thereafter, representatives for ALPA and Holdings had a series of discussions concerning the failure of Compass and/or its former parent to include the language quoted above in paragraph 12 as part of the purchase agreement.

14. Holdings position is that while it is willing to enter into some sort of written agreement guaranteeing that it will ensure that Compass continues to recognize ALPA as the bargaining representative for the Compass pilots and honors the terms of the Compass/ALPA CBA, it is not willing to step into the shoes of Compass and obligate itself (Holdings) to any or all of the terms of the ALPA/Compass CBA.

15. On information and belief, ALPA's position is that notwithstanding the fact that

Holdings has never signed any agreement or otherwise indicated a willingness to be bound by the Compass/ALPA CBA, as a "successor" to Compass, Holdings is bound by all of the terms and conditions of the Compass/ALPA CBA.

16. With the parties (ALPA, Compass, Holdings) unable to resolve their dispute, ALPA filed Grievance No. CPZ-10—10 (MEC) (attached as Exhibit A) on November 29, 2010. Under the terms of the Compass/ALPA CBA, the parties are required to hold a hearing on this Grievance before the Compass SBA headed by a neutral arbitrator no later than December 29, 2010.

### First Claim for Relief—Substantive Arbitrability

17. As noted, Holdings is not and has never been a party to the Compass/ALPA CBA and has never signed a side letter or otherwise indicated a willingness to be bound by same.

18. It is well settled law that arbitration under the RLA, as with any other labor statute, is entirely contractual and a system board of adjustment has no jurisdiction over a holding company that is not a party to the collective bargaining agreement at issue.

19. As a matter of law, therefore, Holdings cannot be made a party to any arbitration involving Grievance No. CPZ-10—10 (MEC). Neither does an arbitrator have jurisdiction to impose any remedy on or against Holdings in connection with this grievance.

20. While it is true that the Compass Pilots System Board of Adjustment clearly does have jurisdiction over Compass and that fact would normally support substantive arbitrability *vis a vis* that party, in this case ALPA has not and will not be able to identify or articulate any damages to ALPA or any Compass crewmember associated with Compass' failure to include the "successorship" language set forth in paragraph 12.

21. In the absence of any extant damages, ALPA's grievance against Compass is non-

justiciable.

22. Grievance No. CPZ-10—10 (MEC) should, accordingly, be enjoined for lack of substantive arbitrability.

### Second Claim for Relief—Representation Dispute

23. ALPA has been attempting for years to pressure Holdings into eliminating GoJet and/or finding some way to replace the IBT as the representative of the GoJet pilots.

24. Grievance No. CPZ-10—10 (MEC) represents ALPA's latest attempt to eliminate its rival union and abrogate the choice of bargaining agent made by the pilots of GoJet. An arbitration decision, if actually enforceable, that effectively required Holdings to "step into the shoes" of Compass and thereby recognize ALPA as the collective bargaining representative for all Holdings' subsidiaries' employees would trample on the legal rights of the IBT as well as the expressed desires of the GoJet pilots to be represented by that labor organization.

25. An adverse decision in Grievance No. CPZ-10—10 (MEC), if actually enforceable, could also mean in theory that Holdings, if it acquired a new airline in the future, would also be obligated to recognize ALPA and apply the Compass/ALPA CBA notwithstanding whether those employees were previously represented by another labor union, had their own collective bargaining agreement, or had chosen union-free status.

26. Any attempt by a labor union to utilize the arbitration process to impose the terms of its collective bargaining agreement on another airline's employees and/or require that airline to deal with that union notwithstanding the fact that it had never gone through the process for certification as those employees' representatives constitutes a "representation dispute" within the exclusive jurisdiction of the National Mediation Board ("NMB").

27. ALPA's effort to prosecute Grievance No. CPZ-10—10 (MEC) clearly qualifies

as implicating a representation dispute and is, accordingly, enjoinable as a matter of law.

WHEREFORE, Plaintiffs Trans States Holdings, Inc. and Compass Airlines, LLC pray that after hearing all the facts and evidence this Court grant the following relief:

1. Hold a hearing on Plaintiffs' Motion for a Preliminary Injunction filed contemporaneously herewith on or before December 29, 2010, following which hearing and after considering the parties' evidence and arguments, GRANT Plaintiffs Motion for a Preliminary Injunction temporarily enjoining Defendant from pursuing Grievance No. CPZ-10—10 (MEC) pending the Court's final disposition of this lawsuit; and thereafter,

2. Upon final hearing and consideration of all the evidence:

   a. Issue a declaratory judgment that Grievance No. CPZ-10—10 (MEC) is not substantively arbitrable.

   b. Issue a declaratory judgment that Grievance No. CPZ-10—10 (MEC) implicates a representation dispute.

   c. Issue a permanent injunction prohibiting ALPA from prosecuting Grievance No. CPZ-10—10 (MEC).

   d. Grant Holdings and Compass such other and further relief as is just and proper.

Dated: December 10, 2010.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

*/s/Rodney A. Harrison*
Rodney A. Harrison, #83160
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
(314) 802-3935
(314) 802-3936 (FAX)
rodney.harrison@ogletreedeakins.com

Norman A. Quandt
*Admission Pro Hac Vice Pending*
Ford & Harrison LLP
271 17th Street, NW
Suite 1900
Atlanta, GA 30363
(404) 888-3862
(404) 888-3863 (FAX)
NQuandt@fordharrison.com

**ATTORNEYS FOR PLAINTIFFS**

## VERIFICATION

I, David J. A. Hayes III, declare that I am Vice President, General Counsel of Trans States Holdings, Inc., and that I am authorized to make this verification on behalf of Trans States Holdings, Inc. and its wholly-owned subsidiary Compass Airlines, LLC. I have read the foregoing Verified Complaint for Injunctive and Declaratory Relief, and I know the facts stated therein to be true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

David J.A. Hayes III

9545380.1 (OGLETREE)